633 P.2d 1246

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 5140.**

Court of Appeals of New Mexico.

Sept. 8, 1981.

Randall S. Bell, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

This appeal involves the sealing of records under § 32–1–45, N.M.S.A. 1978. The pertinent parts of this Children's Code provision reads:

*Sealing of records.*

A. On motion by or on behalf of an individual who has been the subject of a petition filed under the Children's Code, or on the court's own motion, the court shall vacate its findings, orders and judgments on the petition, and order the legal and social files and records of the court, probation services and of any other agency in the case sealed, and if requested in the motion the court shall also order law enforcement files and records sealed. An order sealing records and files shall be entered if the court finds that:

(1) two years have elapsed since the final release of the individual from legal custody and supervision or two years have elapsed since the entry of any other judgment not involving legal custody or supervision; and

(2) the individual has not, within the two years immediately prior to filing the motion, been convicted of a felony or of a misdemeanor involving moral turpitude,

or found delinquent or in need of supervision by a court, and no proceeding is pending seeking such a conviction or finding.

\* \* \* \* \* \*

E. Any finding of delinquency or need of supervision, or conviction of a crime, subsequent to the sealing order may at the court's discretion be used by the court as a basis to set aside the sealing order.

The movant, now an adult incarcerated in the penitentiary, sought the sealing of a juvenile proceeding which occurred in 1970. That proceeding involved a 1969 burglary of a business. The record indicates that in January 1971 the movant, as a child, was found to have violated the then existing juvenile code—that final disposition was deferred. Future action was to depend upon the child's compliance with the conditions of probation; the child was to be under the supervision of a probation officer until further order of the juvenile court.

The motion to seal the child's juvenile record asserts: (a) that the movant's past record "including arrests which never resulted in any type of adjudication are affecting his Parole Board Eligibility"; and (b) that the movant's "day-to-day existence in the State Penitentiary is also being affected by his juvenile record." The Children's Court denied the motion to seal. We placed the appeal on the legal calendar to determine, under a view of the facts most favorable to the motion, whether § 32–1–45, *supra*, required that the juvenile record be sealed.

Without considering whether they were established in the Children's Court, we assume the following facts favorable to the motion:

(a) That the juvenile record has affected the movant's eligibility for parole from his current penitentiary incarceration. Thus, we do not consider what, if any, portion of the juvenile record could properly be considered by the parole board. *See*, §§ 32–1–33 and 32–1–44, N.M.S.A.1978, and the amendment to § 32–1–44 by 1981 N.M. Laws, ch. 36, § 32.

(b) That movant was sentenced to the penitentiary in November 1976 for auto burglary and larceny, both felonies, and was sentenced to the penitentiary in February 1977 for two counts of aggravated assault with firearm enhancement, which were also felonies. Movant is currently incarcerated under these sentences.

(c) That more than two years have elapsed since the final release of movant from the January 1971 order of the juvenile court.

(d) That there was an interval of more than two years between movant's release from the January 1971 juvenile court order and his commission of the crimes for which he was convicted in 1976 and 1977.

(e) That no felony charges were pending when the motion to seal was filed.

"[S]hall" in § 32–1–45, *supra*, is mandatory. Section 12–2–2(I), N.M.S.A.1978. We consider the provisions for mandatory sealing under § 32–1–45(A), *supra*.

"[I]ndividual" includes both "child" and "adult". *See*, § 32–1–3(A) and (B), N.M.S.A.1978. "[L]egal custody" is defined in terms of custody of a "child". *See*, § 32–1–3(J), N.M.S.A.1978. The elapse of two years since the final release of an individual from legal custody and supervision means the elapse of two years since a person, whether adult or child, has been finally released from a custody provision entered when that person was a child. Movant met this requirement of § 32–1–45(A)(1), *supra*.

The second portion of § 32–1–45(A)(1), *supra*, requires the elapse of two years since the *entry* of any judgment not involving legal custody or supervision. Movant met this requirement.

The first portion of § 32–1–45(A)(2), *supra*, includes a requirement that there not be a felony conviction within two years of filing the motion to seal. Other provisions of this first portion are not involved in this case. Movant met this requirement because more than two years had elapsed between his felony convictions and his motion to seal.

The second portion of § 32–1–45(A)(2), *supra*, requires that no proceeding seeking a felony conviction be pending at the time the motion to seal is filed. Movant met this requirement.

Having brought himself literally within the provisions for sealing, movant claims the trial court erred in denying his motion to seal. We disagree.

Section 32–1–45(A), *supra*, contemplates a sealing of Children's Court records upon a showing of two "clean" years. Movant's view is that if he waits more than two years after a subsequent felony conviction he is entitled to a sealing order. Section 32–1–45(A), *supra*, does not cover such a fact situation.

Section 32–1–45(E), *supra*, provides that a sealing order may be set aside, in the court's discretion, if there is a conviction of a crime subsequent to a sealing order. In this case, if movant, within two years after his release from the juvenile court order of January 1971, had obtained a sealing order, that sealing order could have been set aside, in the court's discretion, on the basis of the 1976 and 1977 felony convictions. Section 32–1–45(E), *supra*, provides that sealing orders are discretionary if there are subsequent crime convictions. Section 32–1–45(E), *supra*, is the applicable statutory provision in this case.

A movant for a sealing order may not obtain the benefit of the mandatory provisions of § 32–1–45(A), *supra*, by showing two "clean" years, then committing felonies, and then seeking a sealing order more than two years after his felony convictions. In such a situation, sealing is discretionary, not mandatory.

There being nothing indicating the court abused its discretion in denying the motion to seal, that denial is affirmed.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WALTERS, J., concur.